LAURA E. DUFFY
United States Attorney
STEPHEN M. TOKARZ
Assistant United States Attorney
California State Bar No. 208305
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8419
E-Mail: Stephen.Tokarz@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RIGOBERTO MACHAIN-PRADO (6),<br>JUAN CARLOS<br>　　MARTINEZ-ESQUER (7),<br>FABIAN MENESES (8),<br>DANIEL HUMBERTO<br>　　PENA-GUDINO (10),<br>ANGELICA CASTENADA-MADRID (11),<br>JESUS FELIX RUBIO-PEREZ (13),<br>ARMANDO PARTIDA-SANCHEZ (15),<br>MARIO VILLAPUDUA (16),<br><br>　　　　Defendants. | Criminal Case No. 13CR4469-MMA<br><br>UNITED STATES' CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS FOR DISCOVERY<br><br>TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES, AND THE UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY |

　　　The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Stephen M. Tokarz, Assistant United States Attorney, hereby files its Consolidated Response in Opposition to Defendants' above-referenced Motions. This Response in Opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.

# I

# STATEMENT OF THE CASE

On December 17, 2013, a federal grand jury in the Southern District of California returned an indictment against the above-named defendants which included charges of Conspiracy to Distribute Methamphetamine and Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Launder Money, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(i), and Criminal Forfeiture. The above-named defendants have all been arraigned on the indictment and entered not guilty pleas to the charges.

# II

# STATEMENT OF FACTS

The defendants are charged with participating in an international conspiracy to distribute 31.65 kilograms and more of methamphetamine and 1,000 kilograms and more of marijuana in the United States and laundering the drug proceeds. Regarding the roles of the defendants charged in the drug trafficking conspiracy counts, MACHAIN-PRADO (6), MARTINEZ-ESQUER (7), MENESES (8), and PENA-GUDINO (10) acted as load coordinators and distributors who supervised other members and assisted with the importation and distribution of methamphetamine and marijuana. PARTIDA-SANCHEZ (15) and VILLAPUDUA (16) acted to further distribute the methamphetamine they received from other members of the conspiracy. Regarding the defendants charged in the money laundering conspiracy count, MACHAIN-PRADO (6), CASTENADA-MADRID (11), and RUBIO-PEREZ (13) assisted in disguising the source of the money by receiving, depositing, and wiring drug proceeds on behalf of other members of the conspiracy.

# III

# THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS ALONG WITH MEMORANDUM OF POINTS AND AUTHORITIES

**A. <u>MOTIONS TO COMPEL DISCOVERY AND PRESERVE EVIDENCE</u>**

As of the date of this Motion, the United States has already produced several

hundred pages of discovery (including reports of officers and agents, laboratory reports, criminal history reports, audio/video of defendants' statements, and photographs) and several CD/DVD's containing hundreds of pages of Title III materials. The United States will continue to comply with its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jenks Act (18 U.S.C. §3500 et seq.), and Rule 16 of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). At this point the United States has received no reciprocal discovery. In view of the below-stated position of the United States concerning discovery, the United States respectfully requests that the Court issue no orders compelling specific discovery by the United States at this time.

### 1. **Defendant's Statements**

The United States will comply with Fed. R. Crim. P. 16(a)(1)(A) and 16(a)(1)(B). The United States has produced the Defendant's statements. If the United States discovers additional oral or written statements that require disclosure under Fed. R. Crim. P. 16(a)(1)(A) or (B), such statements will be provided to Defendant.

The United States recognizes its obligations under Fed. R. Crim. P. 16(a)(1)(A) to disclose "the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement in trial." However, the United States is not required under Fed. R. Crim. P. 16 to deliver oral statements, if any, made by a defendant to persons who are not United States' agents. Nor is the United States required to produce oral statements, if any, voluntarily made by a defendant to United States' agents. See <u>United States v. Hoffman</u>, 794 F.2d 1429, 1432 (9th Cir. 1986); <u>United States v. Stoll</u>, 726 F.2d 584, 687-88 (9th Cir. 1984). Fed. R. Crim. P. 16 does not require the United States to produce statements by Defendant that it does not intend to use at trial. Moreover, the United States will not produce rebuttal evidence in advance of trial. See <u>United States v. Givens</u>, 767 F.2d 574, 584 (9th Cir. 1984).

//

//

### 2. **Arrest Reports, Notes and Dispatch Tapes**

As discussed above, the United States will comply with Fed. R. Crim. P. 16(a)(1)(A) and (B). The United States has turned over a number of investigative reports, including those which disclose the substance of Defendant's oral statements made in response to routine questioning by United States' law enforcement officers. If additional reports by United States' agents come to light, the United States will supplement its discovery.

The United States objects to Defendant's request for an order for production of any rough notes of United States' agents that may exist. Production of these notes, if any exist, is unnecessary because they are not "statements" within the meaning of the Jencks Act unless they contain a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. See discussion infra discussing Jencks Act; see also United States v. Alvarez, 86 F.3d 901, 906 (9th Cir. 1996); United States v. Bobadilla-Lopez, 954 F.2d 519, 522 (9th Cir. 1992). The production of agents' notes is not required under Fed. R. Crim. P. 16 because the United States has "already provided defendant with copies of the formal interview reports prepared therefrom." United States .v Griffin, 659 F.2d 932, 941 (9th Cir. 1981). In addition, the United States considers the rough notes of its agents to be United States' work product, which Fed. R. Crim. P. 16(a)(2) specifically exempts from disclosure.

### 3. *Brady* **Material**

The United States has complied and will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963). Under Brady and United States v. Agurs, 427 U.S. 97 (1976), the government need not disclose "every bit of information that might affect the jury's decision." United States v. Gardner, 611 F.2d 770, 774-75 (9th Cir. 1980). The standard for disclosure is materiality. Id. "Evidence is material under Brady only if there is a reasonable probability that the result of the proceeding would have been different had it been disclosed to the defense." United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001).

The United States will also comply with its obligations to disclose exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963). Furthermore, impeachment evidence may constitute Brady material "when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence." United States v. Blanco, 392 F.3d 382, 387 (9th Cir. 2004) (internal quotation marks omitted). However, the United States will not produce rebuttal evidence in advance of trial. See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

Brady does not, however, require that the United States open its file for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000) (per curiam). Under Brady, the United States is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 128-29 (9th Cir. 1995)); (3) evidence that the defendant already possess (see United States v. Mikaelian, 168 F.3d 380, 389-90) (9th Cir. 1999), amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the United States Attorney could not reasonably be imputed to have knowledge or control over (see United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001)).

### 4. Any Information That May Result in a Lower Sentence

Defendant claims that the United States must disclose information affecting Defendant's sentencing guidelines because such information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). The United States respectfully contends that it has no such disclosure obligation under Brady.

The United States is not obligated under Brady to furnish a defendant with information which he already knows. See United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986). Brady is a rule of disclosure, and therefore, there can be no violation of Brady if the evidence is already known to the defendant. In such case, the United States has not suppressed the evidence and consequently has no Brady obligation. See United States v. Gaggi, 811 F.2d 47, 59 (2d Cir. 1987).

But even assuming Defendant does not already possess the information about factors which might affect his guideline range, the United States would not be required to provide information bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty and prior to his sentencing date. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains in value."). Accordingly, Defendant's demand for this information is premature.

### 5. **Defendant's Prior Record**

The United States has already provided Defendant with a copy of his criminal record, in accordance with Fed. R. Crim. P. 16(a)(1)(D).

### 6. **Any Proposed 404(b) or 609 Evidence**

The United States has complied and will continue to comply with its obligations under Rules 404(b) and 609 of the Federal Rules of Evidence ("Fed. R. Evid."). The United States has already provided Defendant with a copy of his criminal record, in accordance with Fed. R. Crim. P. 16(a)(1)(D).

Furthermore, pursuant to Fed. R. Evid. 404(b) and 609, the United States will provide Defendant with reasonable notice before trial of the general nature of the evidence of any extrinsic acts that it intends to use at trial. See FED. R. EVID. 404(b), advisory committee's note ("[T]he Committee opted for a generalized notice provision which requires the prosecution to appraise the defense of the general nature of the evidence of extrinsic acts. The Committee does not intend that the amendment will supercede other rules of admissibility or disclosure[.]").

Should the United States seek to introduce any similar act evidence, pursuant to Federal Rules of Evidence 404(b) and 609, it will provide Defendant with notice of its proposed use of such evidence and information about such bad acts at the time the United States files its Trial Memorandum. The United States objects to Defendant's request to provide such notice three weeks before trial.

The United States also objects to providing Defendant with complete vehicle and pedestrian crossing reports from the Treasury Enforcement Communications System ("TECS"). TECS reports are not subject to Fed. R. Crim. P. 16(c) because the reports are neither material to the preparation of the defense, nor intended for use by the United States as evidence during its case-in-chief. The TECS reports are not <u>Brady</u> material because the TECS reports do not present any material exculpatory information or any evidence favorable to Defendant that is material to guilt or punishment. If the United States intends to introduce TECS information at trial, discovery of the relevant TECS reports will be made at least by the time of the filing of its trial memorandum.

### 7. **Evidence Seized**

The United States has complied and will continue to comply with Fed. R. Crim. P. 16(a)(1)(E).

### 8. **Request for Preservation of Evidence**

The United States will preserve all evidence pursuant to an order issued by this Court. The United States objects to an overbroad request to preserve all physical evidence. The United States recognizes its obligation to preserve evidence "that might be expected to play a significant role in the suspect's defense." <u>California v. Trombetta</u>, 467 U.S. 479, 488 (1984). To require preservation by the United States, such evidence must (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." <u>Id.</u> at 489; <u>see</u> <u>also</u> <u>Cooper v. Calderon</u>, 255 F.3d 1104, 1113-14 (9th Cir. 2001).

The United States will make every effort to preserve evidence it deems relevant and material to this case. Any failure to gather and preserve evidence, however, would not violate due process absent bad faith by the United States that results in actual prejudice to the Defendant. <u>See</u> <u>Illinois v. Fisher</u>, 504 U.S. 544 (2004); <u>Arizona v. Youngblood</u>, 488 U.S. 51, 57-58 (1988); <u>United States v. Rivera-Relle</u>, 322 F.3d 670 (9th Cir. 2003); <u>Downs v. Hoyt</u>, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

### 9. Henthorn Material

The United States has complied and will continue to comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), by requesting that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. See United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002) (citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992)). If the materiality of incriminating information in the personnel files is in doubt, the information will be submitted to the Court for an in camera inspection and review.

Defendant's request that the specific prosecutor in this case review the personnel files is unwarranted and unnecessary. Henthorn expressly provides that it is the "government," not the prosecutor, which must review the personnel files. Henthorn, 931 F.2d at 30-31. Accordingly, the United States will utilize its typical practice for review of these files, which involves requesting designated representatives of the relevant agencies to conduct the reviews. The United States opposes the request for an order that the prosecutor personally review the personnel files.

### 10. Tangible Objects

The United States has complied and will continue to comply with Fed. R. Crim. P. 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized and/or tangible objects that are within the possession, custody, or control of the United States, and that are either material to the preparation of Defendant's defense, or are intended for use by the United States as evidence during its case-in-chief, or were obtained from or belongs to Defendant. However, the United States need not produce rebuttal evidence in advance of trial. See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

//

//

### 11. Expert Witness

The United States has complied and will continue to comply with Fed. R. Crim. P. 16(a)(1)(G) and provide Defendant with notice and a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Fed. R. Evid. 702, 703, or 705.

### 12. Impeachment Evidence

The United States incorporates by reference Response 3 above.

### 13. Evidence of Criminal Investigation of Any Government Witness

The United States incorporates by reference Response 3 above. The United States objects to Defendant's overbroad request for evidence of criminal investigations by federal, state, or local authorities into prospective government witnesses. The United States is unaware of any rule of discovery or Ninth Circuit precedent that entitles Defendant to any and all evidence that a prospective government witness is under investigation by federal, state or local authorities. Moreover, as discussed above, the United States has no obligation to disclose information not within its possession, custody or control. See United States v. Gatto, 763 F.2d 1040, 1048 (9th Cir. 1985); United States v. Aichele, 941 F.2d 761, 764 (9th Cir. 1991) (California state prisoner's files outside of federal prosecutor's possession); United States v. Chavez-Vernaza, 844 F.2d 1368, 1375 (9th Cir. 1987) (the federal government had no duty to obtain from state officials documents of which it was aware but over which it had no actual control); cf. Beaver v. United States, 351 F.2d 507 (9th Cir. 1965) (Jencks Act refers to "any statement" of a witness produced by United States which is in possession of United States and does not apply to a recording in possession of state authorities).

The United States recognizes and will comply with its obligations under the rules of discovery and Ninth Circuit precedent to disclose exculpatory and impeachment information. The United States also recognizes its obligation to provide information--if any exists--related to the bias, prejudice or other motivation of United States' trial witnesses, as mandated in Napue v. Illinois, 360 U.S. 264 (1959), when it files its trial

1 memorandum.

### 14. Evidence of Bias or Motive to Lie

The United States incorporates by reference Response 3 above.

### 15. Evidence Affecting Perception, Recollection, Ability to Communicate

The United States incorporates by reference Response 3 above.

### 16. Witness Addresses

The United States objects to Defendant's request for witness addresses and phone numbers. Defendant is not entitled to the production of addresses or phone numbers of possible witnesses for the United States. See United States v. Hicks, 103 F.3d 837, 841 (9th Cir. 1996); United States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977), cert denied, 419 U.S. 834 (1974). None of the cases cited by Defendant, nor any rule of discovery, requires the United States to disclose witness addresses. There is no obligation for the United States to provide addresses of witnesses that the United States intends to call or not call. Therefore, the United States will not comply with this request.

The United States has provided and will continue to provide Defendant with the reports containing the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital case, however, has no right to discover the identity of prospective government witnesses prior to trial. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir. 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)). Nevertheless, in its trial memorandum, the United States will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir. 1992).

The United States also objects to any request that the United States provide a list of every witness to the crimes charged who will not be called as a government witness. "There is no statutory basis for granting such broad requests," and such a request "far exceed[s] the parameters of Rule 16(a)(1)(C)." United States v. Yung, 97 F. Supp.2d 24,

36 (D.D.C. 2000) (quoting <u>United States v. Boffa</u>, 513 F. Supp. 444, 502 (D. Del. 1980)).

### 17. **Names of Witnesses Favorable to Defendant**

The United States incorporates by reference Responses 3 and 16 above.

### 18. **Statements Relevant to the Defense**

The United States incorporates by reference Response 3 above. The United States objects to the request for "any statement relevant to any possible defense or contention" as overbroad and not required by any discovery rule or Ninth Circuit precedent. Therefore, the United States will only disclose relevant statements <u>made by Defendant</u> pursuant to this request.

### 19. **Jencks Act Material**

The United States will fully comply with its discovery obligations under the Jencks Act. For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness' oral statement, or (3) a statement by the witness before a grand jury. <u>See</u> 18 U.S.C. § 3500(e). Notes of an interview only constitute statements discoverable under the Jencks Act if the statements are adopted by the witness, as when the notes are read back to a witness to see whether or not the government agent correctly understood what the witness said. <u>United States v. Boshell</u>, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing <u>Goldberg v. United States</u>, 425 U.S. 94, 98 (1976)). In addition, rough notes by a government agent "are not producible under the Jencks Act due to the incomplete nature of the notes." <u>United States v. Cedano-Arellano</u>, 332 F.3d 568, 571 (9th Cir. 2004).

Production of this material need only occur after the witness making the Jencks Act statements testifies on direct examination. <u>See</u> <u>United States v. Robertson</u>, 15 F.3d 862, 873 (9th Cir. 1994). Indeed, even material that is potentially exculpatory (and therefore subject to disclosure under <u>Brady</u>) need not be revealed until such time as the witness testifies on direct examination if such material is contained in a witness's Jencks Act statements. <u>See</u> <u>United States v. Bernard</u>, 623 F.2d 551, 556 (9th Cir. 1979).

Accordingly, the United States reserves the right to withhold Jencks Act statements of any particular witness it deems necessary until after they testify.

### 20. Giglio Information

The United States incorporates by reference Response 3 above. The United States will comply with its obligations to disclose impeachment evidence under Giglio v. United States, 405 U.S. 150 (1972). Moreover, the United States will disclose impeachment evidence, if any exists, when it files its trial memorandum, although it is not required to produce such material until after its witnesses have testified at trial or at a hearing. See United States v. Bernard, 623 F.2d 551, 556 (9th Cir. 1979).

The United States recognizes its obligation to provide information related to the bias, prejudice or other motivation of United States' trial witnesses as mandated in Napue v. Illinois, 360 U.S. 264 (1959). The United States will provide such impeachment material in its possession, if any exists, at the time it files its trial memorandum. At this time, the United States is unaware of any prospective witness that is biased or prejudiced against Defendant or that has a motive to falsify or distort his or her testimony. The United States is unaware of any evidence that any United States witness' ability to perceive, recollect, communicate or tell the truth is impaired.

### 21. Agreements Between Government and Witnesses

The United States objects to this overbroad request. Defendant cites no authority – rule of procedure or case law – to support his request. As such, the United States will comply with its obligations as noted infra in Response 22.

### 22. Informants and Cooperating Witnesses

Defendant incorrectly asserts that Roviaro v. United States, 353 U.S. 52 (1957), establishes a per se rule that the United States must disclose the identity and location of confidential informants used in a case. Rather, the Supreme Court held that disclosure of an informer's identity is required only where disclosure would be relevant to the defense or is essential to a fair determination of a cause. Id. at 60-61. Moreover, in United States v. Jones, 612 F.2d 453 (9th Cir. 1979), the Ninth Circuit held:

> The trial court correctly ruled that the defense had no right to pretrial discovery of information regarding informants and prospective government witnesses under the Federal Rules of Criminal Procedure, the Jencks Act, 18 U.S.C. § 3500, or Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Id. at 454. As such, the United States submits that this request is premature and it is not obligated to make such a disclosure, if there is in fact anything to disclose, at this point in the case.

However, as previously stated, the United States will provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the Government's trial memorandum is filed, although delivery of such a list is not required. See United States v. Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987); United States v. Culter, 806 F.2d 933, 936 (9th Cir. 1986).

### 23. Bias by Informants or Cooperating Witnesses

The United States incorporates by reference Responses 3 and 20 above.

### 24. Personnel Records of Government Officers Involved in Arrest

The United States incorporates by reference Response 9 above. The United States will instruct all relevant agencies to review the personnel files of government witnesses for information pertaining to dishonesty or impeachment.

### 25. Opportunity to Weigh, View, and Photograph Contraband

The United States incorporates by reference Responses 7 and 10. The United States has, and will continue to comply with Fed. R. Crim. P. 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or is intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant.

### 26. DEA-7 Form

The United States has provided Defendant with the results of the Drug Enforcement Administration laboratory tests on the drugs seized in this case pursuant to Fed. R. Crim.

P. 16(F).

**27. <u>TECS Reports</u>**

The United States incorporates by reference Response 6 above.

**28. <u>Reports of Scientific Tests or Examinations</u>**

The United States will provide Defendant with any other scientific tests or examinations, in accordance with Fed. R. Crim. P. 16(a)(1)(F).

**29. <u>Remaining Specific and Residual Requests</u>**

Regarding defendant Partida-Sanchez's two specific discovery requests: (1) The United States will provide the missing page 6 of the 2-13-13 DEA-6 report to all counsel; and (2) There was no video or other images stored on the DVR seized on 2-12-13. Regarding any residual requests, the United States will comply with its discovery obligations in a timely manner.

**IV**

**GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY**

**A. <u>RULE 16(B)</u>**

The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court

14

make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

### B. RULE 26.2

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of Jencks statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## V

## LEAVE TO FILE FURTHER MOTIONS

The United States does not oppose Defendant's request to file further motions if they are based on new discovery or other information not available to Defendant at the time of this motion hearing.

## VI

## CONCLUSION

For the foregoing reasons, the United States requests that the Court deny Defendants' motions where opposed, and grant the United States' Motion for Reciprocal Discovery.

Date: April 21, 2014.

Respectfully Submitted,

LAURA E. DUFFY
United States Attorney

/s/ Stephen M. Tokarz
STEPHEN M. TOKARZ
Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RIGOBERTO MACHAIN-PRADO (6),<br>JUAN CARLOS<br>  MARTINEZ-ESQUER (7),<br>FABIAN MENESES (8),<br>DANIEL HUMBERTO<br>  PENA-GUDINO (10),<br>ANGELICA<br>  CASTENADA-MADRID (11),<br>JESUS FELIX RUBIO-PEREZ (13),<br>ARMANDO PARTIDA-SANCHEZ (15),<br>MARIO VILLAPUDUA (16),<br><br>    Defendants. | Case No. 13CR4469-MMA<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Stephen M. Tokarz, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the **United States' Consolidated Response in Opposition to Defendant's Motions for Discovery** on the following parties by electronically filing the foregoing with the Clerk of District Court using its ECF System, which electronically notifies them:

Caitlin Elizabeth Howard caitlin_howard@fd.org, margarita_gonzales@fd.org

Daniel L. Rodriguez drodlaw@me.com

Frank A. Balistrieri fbalistrieri@cox.net

Janice M. Deaton jmdeatonlaw@hotmail.com

Kris J. Kraus Krisjkrausesq@gmail.com

Matthew Lombard    mlombard@lombardlaw.net

Robert A. Garcia    robertim@pacbell.net

Stephen Edward Hoffman    hbfandjm@aol.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 21, 2014.

*/s/ Stephen M. Tokarz*
STEPHEN M. TOKARZ